# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN DENISE MEADOWS,<br><br>      Plaintiff,<br><br>  v.<br><br>LYDIA HENSE, et al.,<br><br>      Defendants. | 1:12-cv-01115-LJO-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

## I.      Screening Requirement and Standard

Plaintiff Michann Denise Meadows ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed her complaint on June 20, 2012, and the matter was transferred to this Court on July 10, 2012. Plaintiff's complaint is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
3  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
4  (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge
5  unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
6  (internal quotation marks and citation omitted).

7      To survive screening, Plaintiff's claims must be facially plausible, which requires
8  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
9  for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted);
10 Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility
11 that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short
12 of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks
13 omitted); Moss, 572 F.3d at 969.

14     **II.    Plaintiff's Allegations**

15     Plaintiff is currently housed at the Central California Women's Facility located in
16 Chowchilla, California. At the time Plaintiff filed her complaint, she was housed at Valley State
17 Prison for Women. Plaintiff names (1) Lydia C. Hense, Warden at Central California Women's
18 Facility, (2) Walter Miller, Warden at Valley State Prison for Women, and (3) Debra Herndon,
19 Associate Director, Female Offender Program and Services Division of Adult Institutions as
20 defendants.

21     Plaintiff alleges as follows: On October 27, 2011, Plaintiff was discriminated against and
22 transferred to Valley State Prison for Women because she submitted a medical civil suit against
23 the OB GYN at Central California Women's Facility ("CCWF"). CCWF's Warden Hense
24 contacted Valley State Prison's Warden and "came up with an agreement that [Plaintiff] was
25 made aware of on Feb. 2nd, 2012 that claimed it was in [Plaintiff's] best interests and the
26 institution." (ECF No. 1, p. 3.) Plaintiff contends that other inmates have active medical civil
27 suits in the court and were not transferred.
28

Plaintiff claims that with both wardens and Debra Herndon signing off on the transfer the agreement clearly shows that Plaintiff's health and program "were not a factor at a Level 4 inmate and just going to the Board of Prison Terms." (ECF No. 1, p. 3.) Plaintiff was under duress and her mental and emotional state unbalanced. The adverse effects of the transfer caused her extreme stress, mental anguish, health issues and total disruption of her program. Plaintiff was due to graduate with an AA degree from Feather River College Program.

Plaintiff seeks monetary damages and a transfer back to CCWF.

### III. Deficiencies of the Complaint

Due to its conclusory nature, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending her complaint, Plaintiff is provided with the applicable pleading and legal standards.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is conclusory and lacks sufficient factual allegations to state a cognizable claim. Although Rule 8 demands a short and plain statement, Plaintiff's complaint must include enough facts to support a claim.

#### B. First Amendment Retaliation

Plaintiff claims that Defendants transferred her in retaliation for filing a civil lawsuit against an OB GYN at CCWF.

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2)

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Here, Plaintiff has failed to allege sufficient facts to demonstrate that she was retaliated against for filing a lawsuit. Plaintiff has merely stated conclusions. Further, Plaintiff has failed to demonstrate the absence of any legitimate correctional goal for the alleged conduct. Rather, Plaintiff has alleged that defendants believed a transfer was in her best interests and in the best interests of the institution. It also is evident from the docket in this case that Plaintiff has been transferred back to CCFW.

### C.  Injunctive Relief

Plaintiff requests a court order that her transfer be reversed and that she be returned to CCWF with no reprisals. Plaintiff's request is a form of injunctive relief and is now moot. As stated, according to the Court's records, Plaintiff is currently housed at CCWF.

### IV.  Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights.  Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678. (quoting Twombly, 550 U.S. at 555).  Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim with leave to file a first amended complaint within thirty (30) days from the date of service of this order; and

3. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **October 8, 2013**         /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE